# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IMAGECUBE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 04-CV-7587 |
| | ) | |
| THE BOEING COMPANY, | ) | District Judge Robert M. Dow, Jr. |
| MTS SYSTEMS CORPORATION, and | ) | |
| AEROMET CORPORATION | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff ImageCube LLC's ("ImageCube") motion for reconsideration of its motions for denial of Aeromet's summary judgment motion or alternatively for discovery pursuant to Fed. R. Civ. P. 56(f) [147]. For the reasons stated below, the motion respectfully is denied.

**I.   Background**

This patent infringement case originally was assigned to Judge Zagel, who allowed limited discovery on the issue of damages, but no discovery on issues related to liability. Defendant Aeromet Corporation ("Aeromet") subsequently filed a partial motion for summary judgment. In opposing that motion, ImageCube argued, among other things, that it should be entitled to pursue discovery on certain matters.

Prior to ruling on ImageCube's request to take discovery prior to the Court's consideration of Aeromet's summary judgment motion, Judge Zagel (i) received briefs on the discovery issue, (ii) held two hearings on the issue, on July 20 and August 10, 2007, and (iii) considered supplemental letters from the parties requested by the Court after the July 20 hearing.

With all of that information before him, Judge Zagel ruled at the August 10 hearing that he did not see "any need for discovery" prior to consideration of the motion for partial summary judgment. However, Judge Zagel did permit ImageCube to supplement its response to Aeromet's summary judgment motion after the denial of discovery. The case was then set for oral argument before Judge Zagel, but transferred to this Court's docket before the argument took place.[1]

Following the transfer of the case, ImageCube filed a motion for reconsideration of Judge Zagel's ruling denying discovery prior to the consideration of Aeromet's motion for partial summary judgment. While it would have been preferable for ImageCube to have filed its motion shortly after Judge Zagel issued his ruling – or, at a minimum, at some later time while the case still was pending before Judge Zagel prior to being transferred to this Court – the motion nevertheless is properly before the Court.

**II.      Analysis**

It is well established in this district and circuit that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). And with respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a

---

[1] This Court subsequently heard extensive oral argument on both the motion for reconsideration and the motion for partial summary judgment on July 29, 2008.

controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.*[2] Because ImageCube does not invoke a change of law or the availability of new facts, the Court's consideration is limited to whether Judge Zagel's ruling constitutes "manifest error."

As an initial matter, the Court does not accept Aeromet's contentions that ImageCube was not diligent in pursuing discovery or that ImageCube somehow abandoned its position that discovery was necessary prior to the consideration of the motion for partial summary judgment. As noted above, while it would have been preferable for ImageCube to have sought reconsideration of Judge Zagel's ruling denying discovery immediately after that ruling was issued, ImageCube was within its rights to seek reconsideration of that ruling while the summary judgment motion remained pending – and, indeed, even before a hearing was held on that motion.

ImageCube nonetheless has a heavy burden to shoulder in convincing the Court to overturn Judge Zagel's ruling. In addition to the case law cited above setting forth the narrow grounds on which motions for reconsideration may be brought, it also is the case that district courts have wide latitude over the scope and timing of discovery. See, *e.g.*, *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 882 (7th Cir. 2002); see also *King v. Burlington Northern &*

---

[2] Moreover, filing the motion before a different judge to whom the case has been transferred creates an extra complication, because a successor judge generally should not reconsider the rulings of a transferor judge at the same level of the judicial hierarchy when a case is transferred. See, *e.g.*, *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). In other words, there is a presumption that earlier rulings will stand "holds when a case is reassigned from one judge to another" (*Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007)), and that a successor judge will not alter prior rulings "merely because he has a different view of the law or the facts from the first judge" (*Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)).

*Santa Fe Ry. Co.*, 538 F.3d 814, 817 (7th Cir. 2008) (observing that a decision to deny a Rule 56(f) motion is reviewed by the court of appeals for "abuse of discretion"). ImageCube's central contention is that it was denied discovery "without a fair process" [159, at 2] – or, in other words, that Judge Zagel did not exercise reasoned discretion in his ruling. In support of that contention, ImageCube focuses on Judge Zagel's comment during the August 10 hearing that in "most cases – by 'most' I mean 99.9 percent – the discovery is not very helpful." [147-2, at 11.]

If that statement were the sole basis for Judge Zagel's ruling, ImageCube would have a much stronger case for reconsideration of the denial of its Rule 56(f) motion. But that statement must be viewed in the context in which it was made. To begin with, Judge Zagel clearly was referring to patent cases in which the principal issue is what the claims mean and how to apply that meaning. Moreover, Judge Zagel reached the decision that no discovery would be needed only after considering briefing, convening two hearings on the issue, and taking supplemental submissions directly addressing the issue with a fine point. Judge Zagel plainly reviewed and considered all of the parties' written and oral submissions prior to making his ruling. It is clear that Judge Zagel conceived of the partial summary judgment motion as presenting a fairly narrow issue – namely, what he referred to as the "single powdered alloy" issue. Indeed, viewing both hearing transcripts as a whole, it is clear that Judge Zagel envisioned the partial summary judgment motion as a possible opportunity to simplify the case based on what he viewed to be the substantial agreement of the parties on certain fundamentals, including the composition of the "single powdered alloy." At the July 2007 hearing, Judge Zagel noted that he considered that issue "essentially a legal question," but gave ImageCube additional opportunities to convince him otherwise both in writing and orally. In other words, he grappled with what he recognized was a debatable issue. Finally, although he denied ImageCube's request to take

discovery, Judge Zagel did permit ImageCube to supplement its response to the partial summary judgment motion, which ImageCube in fact did.

In view of the foregoing discussion, this Court cannot conclude that reconsideration of Judge Zagel's discovery ruling is appropriate, for this was not an instance in which Judge Zagel "patently misunderstood a party," or "made a decision outside the adversarial issues presented to the Court by the parties," or "made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191. ImageCube raises a legitimate basis for disagreement with Judge Zagel's ruling, but it was not denied a fair process in presenting its arguments, nor was Judge Zagel's exercise of his discretion in controlling the timing and extent of discovery in the face of Aeromet's motion for partial summary judgment manifestly erroneous. Accordingly, ImageCube's motion for reconsideration [147] respectfully is denied.

## III. Conclusion

For the foregoing reasons, ImageCube's motion for reconsideration of its motions for denial of Aeromet's summary judgment motion or alternatively for discovery pursuant to Fed. R. Civ. P. 56(f) [147] respectfully is denied.

Dated: March 17, 2009  _____
Robert M. Dow, Jr.
United States District Judge

5