# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IMAGECUBE LLC, )
)
        Plaintiff, )
) Case No. 04-cv-7587
  v. )
) Judge Robert M. Dow, Jr.
THE BOEING COMPANY, )
MTS SYSTEMS CORPORATION, and )
AEROMET CORPORATION, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff ImageCube's motion for entry of judgment under Federal Rule of Civil Procedure 54(b) and for a stay or dismissal of Defendants Aeromet's and MTS's counterclaims [190]. For the reasons stated below, the motion for entry of a Rule 54(b) judgment is granted and Aeromet's and MTS's counterclaims are stayed pending appeal.

**I.    Background**

From its outset, this case has proceeded in a somewhat unconventional fashion. General discovery was stayed early on [see 19] at Defendants' request, although some discovery on damages was permitted.[1] Following that period of limited discovery and initial claim construction, Defendants proposed – and the Court accepted – that the parties brief a motion for partial summary judgment on the issue of non-infringement. That motion [96], filed by Aeromet, was fully briefed and had been set for oral argument [see 142] at the time that this case was transferred to this Court as part of its initial calendar. In the parties' joint status report [146]

---

[1] As the Court understands the situation, Defendants Aeromet and MTS are no longer in business, but MTS may have agreed to indemnify Defendant Boeing. However, as the parties have acknowledged in their briefs on the Rule 54(b) motion, the issues between and among the parties on Defendants' side of the case should be resolved by those parties, and are neither before the Court nor germane to the merits of the motion.

filed shortly after the transfer of the case to this Court's docket, Defendants stated that "[t]his lawsuit likely will settle upon resolution of that motion; if not, the Court's decision would provide guidance to the parties as to the issues that remain for discovery and trial."

In its consideration of Aeromet's motion for partial summary judgment (in light of Judge Zagel's rulings on Plaintiff's Rule 56(f) motion), the Court concluded that although Aeromet had asserted three bases for noninfringement in its motion, only one – relating to the issue of "single powdered alloys" – could be resolved on summary judgment without further discovery. Following oral argument and supplemental briefing, the Court issued a memorandum opinion and order [179] granting Aeromet's motion for partial summary judgment. As set forth in the Court's opinion, the Court concluded that because Aeromet's products made with single powdered alloys are beyond the scope of patent claims 1, 25, 32, and 34 and claims dependent therefrom, Aeromet was entitled to summary judgment.

After issuing its opinion, the Court set the matter for a status hearing. The parties were unable to agree on how to proceed, although they appeared to be in agreement that, barring a reversal on appeal, the case is over as to Defendant Boeing as a consequence of the rulings to date. Plaintiff filed a motion [190] seeking entry of a final judgment as to Boeing under Federal Rule of Civil Procedure 54(b) to enable it to take an immediate appeal. Defendants have opposed that motion [193] on various grounds. In lieu of an immediate appeal – which Defendants say would be improper under the controlling standards – Defendants propose that the parties embark on limited discovery so that additional issues on which Defendants contend they are entitled to summary judgment can be presented to the Court.

## II. Analysis

In general, "[a]ppellate courts have historically disfavored piecemeal litigation and permitted appeals from complete and final judgments only." *W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992).[2] However, there are exceptions to the general "one appeal" rule. One such exception, enacted by Congress "[i]n the interests of sound judicial administration," "allows a district court to sever an individual claim that has been finally resolved" under Federal Rule of Civil Procedure 54(b). *Id.*; see also *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1358 (Fed. Cir. 2003) ("Rule 54(b) provides for appeal of a single adjudicated claim while other claims remain unadjudicated and pending").

> Rule 54(b) specifically provides:
>
> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "In order for Rule 54(b) to apply, the judgment must be *final* with respect to one or more *claims*." *Ultra-Precision*, 338 F.3d at 1358 (emphasis in original) (quoting *W.L. Gore*, 975 F.2d at 861). And the judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-*

---

[2] The Federal Circuit previously has noted that "the Supreme Court has provided adequate guidance" in the area of Rule 54(b) certifications and thus has declined to decide which circuit's law governs in determining the construction of the word "final" when that term is used in a Federal Rule of Civil Procedure. *W.L. Gore*, 975 F.2d at 861. Moreover, in reviewing the case law of the Federal Circuit and the regional circuit whose law arguably might apply (the Seventh), the Court discerns no appreciable difference in approach. Accordingly, the Court will look to the pertinent case law as set forth by the Supreme Court and both the Federal and Seventh Circuits in ruling on Plaintiff's Rule 54(b) motion.

3

*Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "The requirement of finality is a statutory mandate and not a matter of discretion." *W.L. Gore*, 975 F.2d at 862.

Here, the parties appear to agree that entry of a final judgment at this time as to Boeing is appropriate in view of the rulings in the case to date. See Pl. Mot. at 1 [190] ("This case is final with respect to Boeing"); Opp. Br. at 6 [193] ("We can agree that Boeing does not infringe and is out of the case for now"). However, once finality is established, the district court also must consider whether "there is any just reason for delay" of the appeal. Fed. R. Civ. P. 54(b). In that regard, the Supreme Court has described the district court as functioning as a "dispatcher." *Curtiss-Wright*, 446 U.S. at 8. As the Supreme Court explained, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal," and the court's discretion is to be exercised "in the interest of sound judicial administration." *Id*. And in determining whether there are no just reasons to delay the appeal of an individual final judgment, "a district court must take into account judicial administrative interests as well as the equities involved." *Id*. One important consideration is "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.; see also *Lottie v. West American Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005) ("The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal").

Aeromet opposes the Rule 54(b) motion on several grounds. First, Aeromet notes that the Court has not yet decided "additional noninfringement defenses centered on construction of two other elements of the same patent claims at issue" and insists that these defenses must be decided before the case could be ripe for a Rule 54(b) judgment. Nor has the Court addressed Aeromet's defense under 28 U.S.C. § 1498. In short, Aeromet takes the position that Defendants "are entitled to have the Federal Circuit address all of their defenses in the context of the entire case, not merely one defense premised on a single element claim."

Aeromet's focus on its remaining defenses is misplaced. As the Federal Circuit has explained, "Rule 54(b) does not come into play when mere defenses are left unadjudicated, but only when additional claims, counterclaims, or third-party claims are left unadjudicated." *W.L. Gore*, 975 F.2d at 863. Once the Court ruled in Defendants' favor as to one of the defenses to ImageCube's infringement claim, the Court had no reason to determine whether the additional defenses also should be sustained, because its judgment in favor of Defendants and against ImageCube as to that claim was "final" – and, as the parties agree, disposed of the entire case as to one Defendant, Boeing.

Indeed, that principle is what distinguishes *W.L. Gore* (on which ImageCube relies) from *Virginia Panel Corp. v. MAC Panel Co.*, 887 F. Supp. 880 (W.D. Va. 1995) (on which Aeromet relies). Rule 54(b) certification was appropriate in *W.L. Gore* because "[o]nce the district court decided that Gore's patent was invalid or that IMPRA did not infringe Gore's patent, the district court no longer needed to address any of the other defenses. The law is clear that a 'defendant need only sustain one decisive defense, not all of them.'" *W.L. Gore*, 975 F.2d at 863. By contrast, the district court declined to allow an immediate appeal in *Virginia Panel*, explaining that "[i]n *W.L. Gore*, the plaintiff lost on the patent infringement claim, whereas here VPC's

5

patent has been found to be infringed," and thus "[t]he patent misuse defense still could affect the patent infringement claim by making the patent unenforceable," while in *W.L. Gore* "the patent misuse defense became superfluous because the defendant already had prevailed on the patent infringement claim." 887 F. Supp. 883.

Aeromet also points to its unadjudicated counterclaims[3], which, if successful, could lead to the invalidation of ImageCube's patent as well as liability on ImageCube's part for money damages. Yet, the presence of nonfrivolous counterclaims "does not render a Rule 54(b) certification improper." *Curtiss-Wright*, 446 U.S. at 9; see also *W.L. Gore*, 975 F.2d at 864. "Counterclaims are not to be evaluated any differently from other claims." *Curtiss-Wright*, 446 U.S. at 9. Here, the Court is persuaded that Defendants' counterclaims – while certainly viable and nonfrivolous – are separable from the matters as to which immediate appeal is sought. As Plaintiff points out, the counterclaims focus largely on prior art and the conduct of the inventor and his lawyers.

Moreover, as ImageCube contends and Aeromet does not contest, each of the counterclaims for invalidity would be governed by the same claim construction that applies to infringement. See, *e.g.*, *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 824 F.2d 1275, 1279 (Fed. Cir. 1988) ("Having construed the claims one way for determining their validity, it is axiomatic that the claims must be construed the same way for infringement"). Thus, to the extent that the claims and counterclaims are linked at least by a common claim construction, any views on claim construction that the Federal Circuit expresses should it agree to hear Plaintiff's appeal immediately would inform the litigation of the counterclaims following the disposition of the appeal.

---

[3] The counterclaims are for non-infringement, invalidity, and unenforceability.

Finally, the Court concludes that "judicial administrative interests as well as the equities involved" (*Curtiss-Wright*, 446 U.S. at 8) also counsel in favor of permitting an immediate appeal. In regard to the former, the Court agrees with Plaintiff that efficiency is better served by taking an immediate appeal rather than waiting for the remaining counterclaims and defenses to be litigated in the district court. To begin with, ImageCube and Aeromet agree that, barring a reversal on appeal, the case is over as to Boeing. In addition, an immediate appeal may hasten the end of the case as it concerns ImageCube's claims. As ImageCube acknowledges, if the Federal Circuit affirms this Court's claim construction, then ImageCube is unlikely to pursue its claims any further (provided that the revenues at issue are as small as they appear to be at this time). If the Federal Circuit reverses, then its claim construction will govern the case going forward, as to infringement and invalidity matters. And either way, it seems unlikely that, at least with respect to the claim construction undertaken by Judge Zagel and refined and applied by this Court, any "appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; see also *Lottie*, 408 F.3d at 939.

True, Aeromet's (and MTS's) counterclaims will remain viable regardless of the outcome of the appeal. But whether those claims would be litigated or settled may well be affected by the outcome of an immediate appeal of the judgment in favor of Defendants and against Plaintiff on Plaintiff's principal claim. That was in fact the premise of Defendants' proposal to Judge Zagel – a proposal that has shaped this litigation profoundly and that thus far has produced an outcome that is more favorable to Defendants than to Plaintiff. And that fact leads the Court back to consideration of the equities: the course of this litigation – including most significantly the limited discovery and the shaping of the issue presented for partial summary judgment – has followed the course advocated by Defendants, often over Plaintiff's objections. Having

prevailed in setting the case on its current course, Defendants cannot be heard to complain too loudly on account of the Court's conclusion that the equities favor further and more definitive resolution of the issues decided thus far prior to expanding the litigation to encompass further discovery and more issues that heretofore have been dormant.

**III.  Conclusion**

For the reasons stated above, the Court finds that there is no just reason to delay the entry of final judgment and appeal of its claim construction and summary judgment rulings as to Defendant Boeing and therefore grants Plaintiff's motion [190] for entry of a Rule 54(b) final judgment against Plaintiff and in favor of Defendant Boeing.  In light of that determination and the discussion above, all claims asserted by ImageCube against Boeing are dismissed with prejudice and Aeromet's and MTS's counterclaims are stayed pending the disposition of Plaintiff's appeal.

Dated:  January 22, 2010                       _____
                                                Robert M. Dow, Jr.
                                                United States District Judge