Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7587 | **DATE** | 4/4/2012 |
| **CASE TITLE** | ImageCubs LLC vs. MTS Systems Corp. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff ImageCube's motion to dismiss pending claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) [230] is granted. All remaining claims of ImageCube and counterclaims of Defendant MTS are dismissed without prejudice. This case is closed. Please see below for further explanation.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

This case has a long procedural history that is finally about to draw to a close. ImageCube filed this lawsuit in 2004. Judge Zagel issued a claim construction opinion [47] prior to the transfer of the case to this Court's docket in December 2007. In 2009, this Court granted a motion for partial summary judgment of non-infringement as to the use of alloyed powders filed by the three Defendants (Boeing, MTS, and Aeromet). [See 179.] Because the summary judgment disposition ended the case as to Boeing, the Court certified the non-infringement issue for immediate appeal under Federal Rule of Civil Procedure 54(b). See *ImageCube LLC v. The Boeing Co.*, 2010 WL 3516198 (Fed. Cir. Sept. 9, 2010) (denying Boeing's motion to dismiss on the ground that this Court improperly certified its judgment for immediate appeal under FRCP 54(b)). Last year, the Federal Circuit affirmed this Court's partial summary judgment ruling. See *ImageCube LLC v. The Boeing Co.*, 431 Fed. Appx. 905 (Fed. Cir. June 20, 2011).

After the proceedings ended in the Federal Circuit, the Court allowed the parties a period of time to discuss whether they could reach agreement on how to proceed with the remaining claims. The parties did not reach agreement, but their dispute is fairly narrow. As MTS frames the issue [see 232, at 1]: "[n]either party to this lawsuit wants the suit to continue, and the only question before the Court is how to end the case."

From ImageCube's perspective, what remains of the case is the small tail of what was once thought to be a reasonably large dog. However, the size of the tail is not exactly known. At the time of the briefing and argument on Defendants' motion, it was represented that the remainder of the case (involving allegedly infringing sales of non-alloyed powders) was worth less than $65,000. It now appears that the amount at stake is larger – perhaps in the neighborhood of $334,000 – although nobody who remains employed with Defendants can say for sure. Whatever the sum total of the sales using non-alloyed powders, ImageCube states clearly that it "does not wish to pursue the case" at this time [see 230, at 2] and therefore asks for dismissal of the remaining claims without prejudice under Federal Rule of Civil Procedure 41(a)(2). Under

## STATEMENT

Rule 41(a)(2), a case may be dismissed by court order "on terms that the court considers proper." ImageCube appears to prefer a dismissal of its claims without prejudice just in case it later discovers that the amount of the sales is greater than estimated at this time.

MTS has a slightly different take on the end game. MTS seeks dismissal of Image Cube's claims *with* prejudice, but wishes to preserve its counterclaim for attorneys' fees under 35 U.S.C. § 285 through a dismissal *without* prejudice. According to MTS, it "has no commercial interest in prosecuting its counterclaims" [232, at 9], yet wishes to keep its options open in the event that it can establish inequitable conduct in a future case.

In these unusual circumstances, the Court concludes that the "terms that the court considers proper" (Fed. R. Civ. P. 41(a)(2)) are dismissal of all remaining claims *without* prejudice. It seems that while neither side anticipates further litigation, neither side is willing to voluntarily foreclose any such possibility. The Court agrees with MTS's prediction [232, at 7] that "it is unlikely that this Court or a different court would attempt to contravene the Federal Circuit's opinion in this case." The Court also agrees that any request to relitigate any issues that already have been decided between these parties likely would run squarely into issue and claim preclusion doctrines and possibly statute of limitations issues as well. At the same time, both parties have non-trivial reasons for keeping their options open. Plaintiffs cannot nail down from any knowledgeable person on Defendants' side of the case a sworn statement that the non-alloyed claims are too low in value to litigate; Defendants cannot be sure that another dispute will not arise under the same '875 patent.

The Court is in even a less advantageous position than the parties in its ability to see the future as it relates to the parties' claims and counterclaims. And the Court will not offer any advisory opinions regarding what might happen if one or both parties some day were inclined to resurrect those claims and counterclaims. What is clear today is that the claim construction and the summary judgment ruling as to the non-infringement of Defendants' use of alloyed powders have been affirmed and that neither party wishes to litigate the claims and counterclaims concerning the non-alloyed powders or the claims of inequitable conduct at this time. Accordingly, Image Cube's remaining infringement claims and MTS's counterclaims are all dismissed without prejudice and this case is closed. Nothing in today's order in any way disturbs the Court's prior rulings on partial summary judgment in favor of Aeromet and ImageCube or its entry of final judgment in favor of Boeing.